ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
LYNDA P. KING
Assistant General Counsel
Nevada Bar No. 7047
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
Telephone: (702) 895-5185
Facsimile: (702) 895-5299
elda.sidhu@unlv.edu
lynda.king@unlv.edu
*Attorneys for Defendants*

Mary F. Chapman, Esq.
Nevada Bar No. 6591
LAW OFFICE OF MARY F. CHAPMAN, LTD.
8440 W. Lake Mead Blvd., Suite 203
Las Vegas, Nevada 89128
Telephone: (702) 202-4223
Facsimile: (702) 202-2003
maryf.chapman@juno.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HONGHUI DENG,<br><br>  Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA *ex rel.* THE BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, LAS VEGAS; KEAH-CHOON TAN,<br><br>  Defendants. | CASE NO.: 2:17-cv-03019-APG-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff HONGHUI DENG ("Plaintiff") and Defendants STATE OF NEVADA ex. rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS and KEAH-CHOON TAN, an individual

1

("Defendants"), by and through their respective counsel of record, hereby submit the following Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c) regarding the confidentiality of the production of material, information, documents, and the giving of testimony in this matter.

## I. PURPOSE AND LIMITATIONS

Disclosure and discovery activity in the above-captioned action are likely to involve the production of and testimony via deposition or other sworn statements regarding confidential or private information for which special protection from public disclosure and use for any purpose other than this ligation may be warranted. The parties acknowledge that this protective order does not confer blanket protection for all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II. DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

A. During this litigation, either party may designate as "confidential" any material produced in discovery only if that party in good faith believes that the material contains protected non-public confidential information under state or federal law. Such discovery material is referred to herein as "confidential material." The party designating the material is referred to herein as the "designating party."

B. "Confidential material," as the term is used in this protective order, is testimony, information and/or documents that fall within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) investigative reports, files, and any other supporting or related documents or files related to any investigation undertaken by UNLV; (c) UNLV employee performance evaluations or assessments; (d) medical records or information of similar private, highly personal nature, in which an individual person has a legitimate expectation of privacy; (e) employee files or records of non-parties (f) portions of depositions (audio or video) where confidential material is disclosed or used as an exhibit; and (g) personnel and payroll files of UNLV employees deemed confidential as specified in the Nevada System of Higher Education Code, Title 2, Chapter 5, Section 5.6.2 and/or Nevada Administrative Code 284.718. The parties reserve the

right to meet and confer over additional categories that may be deemed confidential as discovery continues.

C.    The designating party will mark each page of appropriate documents as **"CONFIDENTIAL."** The designation will avoid obscuring or defacing any portion of the discovery material. If a party inadvertently fails to designate discovery material as confidential, but subsequently determines that such material should have been so designated, it will promptly provide written notice to the opposing party of the confidential designation and the material will be treated as confidential from receipt of the notice. On the other hand, if a party designates discovery material as confidential and later determines that it should not have been so designated, it will promptly provide the opposing party written notice of the removal of the designation and a duplicate copy of the discovery material without the confidential marking. All copies of confidential discovery material will also be considered confidential.

D.    Material designated confidential shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for the purposes of this action, and shall not be used in any other pending or future litigation, arbitration, administrative, court, quasi-judicial, or employment related hearings or proceedings, shall not be used for any business, investment, competitive, legal, or governmental purpose, and shall not be disclosed to any person who is not a qualified recipient as provided herein, or as ordered by a court or adjudicative body. All produced confidential material shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

E.    For purposes of this stipulation, the following are qualified recipients: (a) the Court and its personnel; (b) counsel of record, in-house counsel, and staff;(c) deposition notaries and staff; (d) parties to this litigation; and the following, provided that they expressly agree to be bound by the terms of this protective order after being provided with a copy of the protective order by counsel and their duty to maintain confidentiality has been explained: (i) any expert or consultant, whether testifying or not, specifically retained in this action; (ii) witness and potential witnesses at, or in preparation for, deposition, trial, or hearing or who otherwise requires the information as directed by counsel; and (iii) litigation support vendors and their personnel who perform copying, data entry, or similar functions.

Confidential material may not be disclosed to other persons or entities without prior written consent of the designating party or court order. Disclosure should be made only to the extent reasonably necessary for effective prosecution and defense of the claims in this action and for no other purpose.

F. Except as provided herein, qualified recipients shall not use, provide, or otherwise make available to any non-qualified recipient any documents, materials or information designated CONFIDENTIAL in connection with (a) any other pending or future litigation, judicial, and/or administrative proceedings, and/or (b) any other purpose, except as set forth herein.

### III. CONDITIONS OF DISCLOSURE

A. As set forth in paragraph II.E above, before disclosing any document marked CONFIDENTIAL to any person identified in Section II.B above, counsel of record for the receiving party shall advise that person of the terms of this Stipulated Protective Order and that he or she is bound its terms. Further, counsel for the receiving party will ensure that the person has read and agrees to the terms of this Stipulated Protective Order and has acknowledged his or her agreement by signing a copy of the Acknowledgement attached hereto as Exhibit A.

B. The parties' counsel will be responsible for their distribution and control of confidential material. They will maintain a list of all persons to whom confidential material has been disclosed and the make the disclosures required as provided in paragraphs II.E and III.A. Confidential material will be copied only by counsel or persons assisting counsel and only for purposes permitted by this order.

C. The restrictions set forth in this protective order will not apply to information that is or becomes public knowledge through its authorized release and not in violation of this protective order. Whether material that becomes public will remain confidential under this protective order will be decided based on the standards and procedures herein.

D. If confidential material is, or has been produced by a party or third party, the parties in this litigation may designate the previously produced confidential material as such by marking it CONFIDENTIAL, and providing the marked copy to the opposing party who will, within 7 days of the notice of the confidential designation, either (1) agree the material is confidential under the terms

of this protective order, or (2) inform the other party that it disagrees the material should be governed by the terms of this protective order, but nonetheless will treat the material as confidential for at least 30 days from notice of the confidentiality designation, to give the party desiring protection sufficient time to seek relief from the Court. Treatment of the material as confidential will continue until the Court resolves the issue.

E. For each designation, the party designating material as confidential will produce a log, similar to the one attached as Exhibit B, which provides a listing of that party's designation.

### IV. PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS

A. During a deposition, either party will advise or disclose to persons present the existence of this protective order if confidential material is discussed or used as an exhibit.

B. To designate confidential material in deposition testimony, the designating party will (a) make an oral statement to that effect on the record, and all persons not authorized to review such documents shall leave the deposition room until completion of the answers referring to the document. The reporter shall mark the transcript of the designated testimony "CONFIDENTIAL."

C. If confidential material is marked as an exhibit during a deposition, or hearing, or other proceeding in this action, and its contents are disclosed in testimony at such proceeding, counsel for the parties will (a) advise the reporter that the exhibit refers to confidential material, and have it so marked. In either instance, the material will be marked confidential, separately bound, and be deemed as such, and subject to the provisions of this Protective Order. The reporter will not furnish copies to anyone other than the parties herein, and, if requested, the witness and his/her counsel.

### V. USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

The parties acknowledge that this protective order does not entitle them to file confidential information under seal without complying with the requisite legal standards and Local Rule 10-5. The parties may agree that the filing party may file documents designated confidential by the other party not under seal. If no such agreement is made before filing, then any documents to be filed with the court containing confidential material will be accompanied by a motion to seal. A motion seeking leave to file a document under seal will be served on opposing counsel, and on the person or entity that has custody and control of the document, if it is different from opposing counsel. The documents

and/or information shall be filed under seal with the following legend: THIS DOCUMENT CONTAINS CONFIDENTIAL MATERIAL COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED PURSUANT TO THAT ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.

## VI. CHALLENGING A CONFIDENTIAL DESIGNATION

If a party disputes the designation of discovery material as confidential, then the objecting party will notify the designating party in writing by electric mail of such dispute. The notice will identify the material and explain the basis for the objection. The designating party will have 7 calendar days to provide a written response by electronic mail to the notice, explaining its reason(s) for designating the material as confidential. Should the objecting party dispute such a reason(s), it will so notify the designating party, and the objecting party will have 21 calendar days from the date of such notice to seek relief from the Court and any motions challenging a confidential designation will be made in compliance with Local Rule 26-7. In the event of a dispute, the parties will continue to treat the disputed material as confidential until the dispute is resolved informally between the parties, or by the court.

## VII. NON-PARTY SUBPOENAS AND COURT ORDERS

If any party receives a subpoena from any non-party to this protective order, or is ordered by a court of competent jurisdiction, seeking production or disclosure of confidential material, or otherwise legally required to produce documents or information designated Confidential, that party (the "subpoenaed/ordered party") will give notice, as soon as practicable and in no event more than 5 business days after receiving the subpoena or order, to opposing counsel and furnish a copy of the subpoena, order, or request with said notice. The subpoenaed/ordered party will not disclose any confidential material for 10 business days, or obtaining consent after providing notice to the other party, and in no event make disclosure before notice is given unless ordered by a court. If, within this 10 business day period, court relief is sought from the subpoena with regard to any confidential material, the subpoenaed party will wait for the Court to resolve the issue or applicable rules direct otherwise. Nothing in this paragraph shall be construed to require a party to act contrary to or in

contempt of any court order.

## VIII. ADDITIONAL RIGHTS

Nothing in this protective order will (a) restrict any party to its own material or discovery material that has not been designated confidential; (b) prejudice any party's right to object to the production or disclosure of information, confidential or otherwise, it considers not subject to discovery; (c) restrict the proper scope of discovery that can be sought by any party; or (d) prejudice any party's right to seek relief from the terms of this protected order.

This protected order is without prejudice to the right of any party to move the Court, pursuant to Fed. R. Civ. P. 26(c) or Local Rule 26-7, for an order seeking protection of confidential material sought by or produced though discovery, which protection is different from or in addition to that provided for in this protective order, and such right is expressly reserved. Similarly, each party reserves the right to request the Court to order disclosure of material subject to this protective order or request modification of this protective order.

## IX. RETURN OF CONFIDENTIAL MATERIAL

Within 60 days after this action is concluded, including any appeals, materials designated as confidential, and copies thereof, will be returned to the producing party. This provision will not apply to court filings or pleadings, briefs, or correspondence maintained by counsel during the ordinary courses of business. Rather than returning confidential material, it may be destroyed, with proper verification of the destruction by the party in possession of the confidential material. .

## X. BINDING EFFECT

This protective order will remain in full force and effect at all times during which any party to this stipulated protective order, or any person having been provided with a copy of the protective order by counsel for one of the parties, retains possession, custody, or control of any confidential material. The court shall retain jurisdiction to enforce the provisions of the Protective Order and to make such amendments, modifications, and additions to this Protective Order as the court may from time to time deem appropriate. The parties reserve the right, at any time during this litigation, to petition the court to modify, amend, or add to the list of qualified recipients.

**XI. UNAUTHORIZED DISCLOSURE OR INADVERTENT PRODUCTION**

If either party learns that, by inadvertence or otherwise, it disclosed confidential material to any person or in any circumstance not authorized under this protective order, the receiving party must immediately (a) notify the designating party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person(s) of the terms of the protective order, and (d) advise such person(s) of the existence of the protective order and their obligation to maintain confidentiality of any unauthorized disclosure or inadvertent production pursuant to that order.

Pursuant to Federal Rule of Evidence 502(d) and (e), attorney-client, work product, or any other privilege will not be waived by disclosure connected to this litigation. As a result, the parties agree that nothing in this protective order will be deemed to limit or waive the attorney-client, work product, or any other applicable privilege.

DATED: November 28, 2018

/S/ LYNDA P. KING
LYNDA P. KING
Assistant General Counsel
Nevada Bar No. 7047
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
Telephone: (702) 895-5185
Facsimile: (702) 895-5299
*Attorneys for Defendants*

DATED: November 28, 2018

/S/ MARY F. CHAPMAN
Mary F. Chapman, Esq.
Nevada Bar No. 6591
LAW OFFICE OF MARY F. CHAPMAN, LTD.
8440 W. Lake Mead Blvd., Suite 203
Las Vegas, Nevada 89128
Telephone: (702) 202-4223
Facsimile: (702) 202-2003
*Attorney for Plaintiff*

**IT IS SO ORDERED.**

DATED this 28th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT OF STIPULATED CONFIDENTIALITY AGREEMENT

## AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury hereby acknowledge and certify that I have received and read in its entirety the Stipulated Protective Order ("Order") that was issued by the United States District Court for the District of Nevada ("Court") entered on _____ [insert date of Order] in the case of Honghui Deng v. State of Nevada ex. rel. Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas, and Keah-Choon Tan, Case No.: 2-17-cv-03019-APG-VCF. I am a qualified recipient pursuant to the Order and agree to the receipt of confidential material as defined by the Order. I have read and understand the terms and conditions of the Order, agree to comply with and be bound by all of its provisions, and consent to the continuing jurisdiction of the Court, even if such enforcement proceedings occur after the case is terminated. I further acknowledge that failure to comply with the terms and conditions of the Order expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any confidential material to any person or entity, or for any purpose other than as provided in the Order.

DATED this ____ day of _____, 20____.

Signature: _____

Printed Name: _____

Company: _____

Street Address: _____

City, State, Zip Code _____

Phone Number: _____

<u>EXHIBIT B</u>

[Name of Case]
[Jurisdiction]

CONFIDENTIALITY LOG, # ___ of _____ [Insert Name of Party Designating]

Issued As of _____ [Insert Date of Issuance]

| | Date of Orig Production of Docs & Source | Bates-Stamp Numbers or Identifier * | Date of Protective Designation and Production | Description of Docs or Info | Basis & Authority for Confidentiality Designation | Signed Acknowledgment Y/N |
|---|---|---|---|---|---|---|
| 1 | EXAMPLE: June 15, 2018, From Dr. Doe | DDD002—004, Full Pages | July 13, 2018 | Plaintiff's Med Records | Private Medical Records from Dr. Doe | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |

*If document does not have a bate-stamp number, please otherwise identify it (i.e. deposition transcript page and lines being designated, describe third party doc–"5/13/15 Smith Email to Jones Re: Trade Secret Recipe"...)