# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| HONGHUI DENG,<br><br>   Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA *ex rel.* THE BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, LAS VEGAS, *et al.*,<br><br>   Defendants. | 2:17-cv-03019-APG-VCF<br>**ORDER**<br><br>EMERGENCY MOTION TO STAY PROCEEDINGS [ECF NO. 40] |

  Before the Court is Defendants the State of Nevada *ex rel.* Board of Regents of the Nevada System of Higher Education on behalf of the University of Nevada, Las Vegas ("UNLV") and Keah-Choon Tan's Emergency Motion to Stay Proceedings. (ECF No. 40). For the reasons discussed below, Defendants' motion is granted.

## BACKGROUND

  This case involves allegations that UNLV and its employees discriminated against Plaintiff Honghui Deng, a professor, based on his national origin beginning in 2014. (ECF No. 1 at 8-12). Deng's complaint contains claims against UNLV based on Title VII and NRS 613.330(1) and a wrongful interference with prospective economic advantage claim against Tan. (*Id*. at 7-14). Plaintiff move to amend the complaint on October 23, 2018. (ECF No. 23). The amended complaint sought to bring a § 1983 claim against Tan, Brent Hathaway, Nancy Rapoport, and Len Jessup, all UNLV employees. (ECF No. 23-1 at 2, 8-9). Defendants opposed the motion to amend. (ECF No. 25). The Court denied the

1

motion without prejudice, finding that Plaintiff failed to argue why the deadline to file a motion to amend, March 15, 2018, should not be enforced. (ECF No. 28).

On November 28, 2018, Defendants filed an emergency motion to extend or stay discovery pending Plaintiff's filing of a new action covering the claims that would have been added to the case had the motion to amend been granted. (ECF No. 33). Plaintiff opposed the motion, arguing that the delays in the case were caused by Defendants' actions (including refusing to stipulate to an amended complaint), delay would prejudice counsel as a solo practitioner, and

> While Plaintiff will highly likely file a new action, no action has been filed at this time. Moreover, any new action will not involve any common Defendants and will not include any common causes of action thereby consolidation is not required. Finally, the new action may not include federal claims, so a basis for removal may not even exist.

(ECF No. 36 at 3-4). At a hearing on December 17, 2018, the Court granted the motion to extend discovery in part, setting the following deadlines: "discovery cut-off is now 4/17/19, dispositive motions cut-off is 5/17/19 and the joint pretrial order will be due by 6/17/19 or 30 days after decision on dispositive motion." (ECF No. 38). The Court specifically stated that it "can't give any advisory opinions" regarding the possibility that another case would be filed in the future. (ECF No. 39 at 45).

Defendants have now filed an emergency motion to stay proceedings in this case. (ECF No. 40). On January 8, 2019, Plaintiff filed a state court action against Brent Hathaway, Nancy Rapoport, Diane Chase, Ngai Pindell, and Len Jessup, all UNLV employees. (ECF No. 40-1 at 2-3, 10). Plaintiff asserts § 1983, civil conspiracy, intentional infliction of emotional distress, negligent infliction of emotional distress, aiding and abetting, and concert of action claims. (*Id*. at 4-10). Plaintiff must serve the defendants in the state case by May 10, 2019, and Plaintiff has indicated that "Plaintiff [i]s declining to proceed with service of process because the State Court Action had only been to preserve the statute of limitations, and not because Plaintiff actually intended to proceed with the case." (ECF No. 40 at 2, 4). Defendants move to stay proceedings in this case because (1) the time to serve in the state case goes

beyond the discovery deadline in this case and (2) the state case will likely be removed and consolidated should Plaintiff pursue the state case. (*Id.* at 4-5). Defendants argue that they will be prejudiced by having to conduct duplicative discovery should this case not be stayed. (*Id.* at 6). "Defendants request the Court stay the proceedings in this matter and set a status check in ninety (90) days to determine if the State Court Action has been served, and the progress of removal and consolidation." (*Id.* at 7).

In opposition, Plaintiff argues that Defendants are improperly seeking another extension of discovery, as they have a history of delays in this case. (ECF No. 42 at 2-3). Plaintiff asserts that "Defendants are once again asking the Court to break out a crystal ball to determine if the state court action will or will not go forward, whether it will or will not be removed and if so if the Court will or will not consolidate the cases." (*Id.* at 5).

The Court held a hearing regarding the motion to stay on March 6, 2019. (ECF No. 45).[1] When discussing the state case, Defendants' counsel stated that she will not attempt to remove the case until and unless the state defendants are served because of the additional resources it would cost to do so. The parties also discussed Plaintiff's pending UNLV grievance for a promotion decision from 2018. Defendants stated that the grievance could be resolved by May 2019, while Plaintiff asserted the grievance process could take a year or more to resolve.

**ANALYSIS**

Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

Under *Landis v. N.A. Co.*, 299 U.S. 248 (1936)[2] at its progeny, when evaluating a motion to stay based on another pending action, the Court must weigh competing interests such as

---

[1] ECF No. 45 is the minutes of the hearing, which was recorded.

[2] Plaintiff cites *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976) as the standard the Court should apply in evaluating this motion to stay. (ECF No. 42 at 6). *Colorado River* focusses on when a federal court stays or dismisses its

3

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

Under *Landis*, staying this case is appropriate. Plaintiff will not be damaged from the stay besides some potential inconvenience. If a stay is not granted, Defendants could face duplicative discovery. The state case contains a federal claim, and is at least facially eligible for removal. As discussed at the March 6, 2019 hearing, Plaintiff's pending UNLV grievance could result in a third similar case being filed. The Court would benefit from staying this case rather than allowing discovery to close and potentially having to then re-open discovery and coordinate two or more cases.

The Court acknowledges the difficulty that the uncertainty in this case causes. Neither party is sure what will happen with the state case or Plaintiff's UNLV grievance process. Plaintiff has not committed to pursuing the state case. Defendants' counsel has expressed that she will not attempt to remove the case until and unless the state defendants are served. This may not take place until May 10, 2019 or later, which is after the April 17, 2019 discovery deadline currently set in this case. Both parties

---

case to allow for a state court to rule on a case concerning the same matter. *See Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1165-66 (9th Cir. 2017).

*Colorado River* does not apply to this case. This Court is not granting a stay to allow the state court to finally rule on the merits of Plaintiff's claims against certain UNLV employees. The Court is not contemplating giving up jurisdiction over the federal case through a lengthy stay. The purpose of the stay, as discussed below, is to provide an opportunity for the potential consolidation of cases in federal court.

could be considered at fault for the uncertainty and delays in this case.[3]  A stay is the most efficient way to allow these uncertainties to resolve.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendants' Emergency Motion to Stay Proceedings (ECF No. 40) is GRANTED.  The case is stayed pending further order by the Court.

IT IS FURTHER ORDERED that a status conference is set for 10:00 AM, September 12, 2019, in Courtroom 3D.  The parties must file a joint statement on or before September 5, 2019, discussing the status of the state case and Plaintiff's UNLV grievance.  Should the parties agree that this case is ready proceed prior to the status conference, they may submit a stipulated amended discovery plan and scheduling order at any time.

DATED this 7th day of March, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[3] However, neither party's conduct arises to the level of sanctions at this time.  Counsel for both parties are attempting to serve the interest of their clients.