# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HONGHUI DENG, | Case No.: 2:17-cv-03019-APG-VCF |
| Plaintiff | **Order Granting Motion to Dismiss in Part** |
| v. | [ECF No. 7 in 2:19-cv-00871-APG-VCF] |
| STATE OF NEVADA ex rel. BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION, | |
| Defendant | |

Plaintiff Honghui Deng (Deng) sued the State of Nevada ex. rel. Board of Regents for the Nevada System of Higher Education and various professors and administrators at the University of Nevada, Las Vegas (UNLV) for claims related to being denied a promotion. He filed two separate actions, which since have been consolidated. This order addresses the motion to dismiss filed in 2:19-cv-00871-APG-VCF. The only remaining defendants with respect to this motion are Brent Hathaway (Hathaway) and Len Jessup (Jessup). *See* 2:17-cv-03019-APG-VCF, ECF No. 67.

Hathaway was the dean at the Lee Business School at UNLV. ECF No. 1-1 at 2. Jessup was UNLV's president. *Id.* at 3. Deng was an associate professor at UNLV and is of Chinese national origin. *Id.* at 3. According to the amended complaint, Hathaway denied Deng a promotion to a full professor. *Id.* at 3-4. Deng appealed through UNLV's internal grievance process, but Jessup denied the promotion against the recommendation of the Faculty Senate Grievance Hearing Committee. *Id.* at 4. Deng contends he was treated differently on account of his national origin because different standards were applied to him and because less qualified U.S. citizen co-workers were promoted around the same time. *Id.* at 5-6. Based on these

1

allegations, Deng asserts due process and equal protection claims against Hathaway and Jessup under 42 U.S.C. § 1983. He also asserts state law claims for civil conspiracy, intentional infliction of emotional distress, aiding and abetting, and concert of action. Hathaway and Jessup move to dismiss these claims. They also move to dismiss the request for punitive damages. For the reasons discussed below, I grant in part the defendants' motion to dismiss, but grant Deng leave to amend some of his claims.

**I. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A. 42 U.S.C. § 1983**

Hathaway and Jessup argue this claim should be dismissed because Deng sues them only in their official capacities, and as state employees they are not persons for § 1983 purposes when sued in their official capacities. Alternatively, they argue the official capacity claims are barred by the Eleventh Amendment. Hathaway and Jessup further argue that if these claims were meant to be brought against them in their individual capacities, the due process claim fails because a promotion is not a constitutionally protected liberty or property interest. Hathaway and Jessup also argue they are entitled to qualified immunity.

Deng responds that he is suing Hathaway and Jessup in their individual capacities, so they are persons under § 1983. He argues they are not entitled to qualified immunity because a reasonable official would know that he cannot deny equal protection and due process by applying different standards to employees of different nationalities. He argues Hathaway and Jessup should have known their conduct was illegal because they were specifically trained by UNLV not to discriminate. He also argues that his due process claim is based on the failure to follow UNLV procedures, so his claim does not depend on a property right.

Although the amended complaint often references the defendants acting in their official capacities, Deng's § 1983 claim is not specifically limited to suing the defendants in their official capacities only. Deng clarifies in his opposition that he is suing the defendants in their individual capacities. I therefore deny the defendants' motion to dismiss on this basis.

However, I dismiss with prejudice Deng's § 1983 due process claim because a hoped-for promotion is not a constitutionally protected liberty or property interest, which is a required element of a due process claim. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998); *Nunez v. City of Los Angeles*, 147 F.3d 867, 871-72 (9th Cir. 1998). The defendants' motion does not address Deng's equal protection claim, so that claim remains pending.

**B. Civil Conspiracy and Concert of Action**

Hathaway and Jessup argue they cannot conspire or engage in concert of action with each other because they are agents of the same entity and Deng has not alleged that they acted for their own benefit. They also argue the amended complaint does not allege an agreement.[1]

---

[1] The defendants contend Deng's civil conspiracy, concert of action, and aiding and abetting claims must be pleaded with particularity under Federal Rule of Civil Procedure 9(b). However,

3

1    Deng responds that there is no requirement that individuals who are conspiring must seek
2 an individual benefit. He also argues Hathaway and Jessup were acting outside of UNLV's
3 interest because they were violating UNLV policies when they denied Deng the promotion based
4 on his race. As to concert of action, Deng contends that he has adequately alleged that each
5 defendant's own conduct in discriminating against Deng was in itself tortious and that the
6 defendants agreed to jointly engage in this action.

7    "An actionable civil conspiracy is a combination of two or more persons who, by some
8 concerted action, intend to accomplish some unlawful objective for the purpose of harming
9 another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622
10 (Nev. 1983). Concert of action requires that multiple tortfeasors act tortiously in concert with
11 each other pursuant to an agreement. *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998)
12 (citing Restatement (Second) of Torts § 876 (1979)). Although concert of action resembles civil
13 conspiracy, "the tort of concert of action has traditionally been quite narrow in the scope of its
14 application." *Id.* It is generally confined to situations where the defendants have "agreed to
15 engage in conduct that is inherently dangerous or poses a substantial risk of harm to others."
16 *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Both civil conspiracy and concert of action
17 "require an agreement, . . . whether explicit or tacit." *Id.*

18    Additionally, both claims are subject to the intra-corporate conspiracy doctrine. Under
19 that doctrine, "[a]gents and employees of a corporation cannot conspire with their corporate
20 principal or employer where they act in their official capacities on behalf of the corporation and
21 not as individuals for their individual advantage." *Collins*, 662 P.2d at 622; *see also Rebel*

---

none of these claims is grounded in fraud. They are grounded in allegations of discrimination. I therefore apply Rule 8's plausibility standard.

4

*Commc'ns, LLC v. Virgin Valley Water Dist.*, No. 2:10-cv-00513-LRH-PAL, 2010 WL 3636176, at *2 (D. Nev. Sept. 10, 2010) (applying the doctrine to concert of action claim).

Deng's civil conspiracy claim fails because he does not set forth factual allegations that the defendants agreed to accomplish some unlawful objective for the purpose of harming him. Instead, he alleges a series of independent decisions by different decision makers at different levels of the review process without any facts that would plausibly suggest an agreement to discriminate against him based on his race. He also does not allege that the defendants, who both work for the same entity along with all of the other alleged co-conspirators, acted as individuals for their individual advantage, so the intra-corporate conspiracy doctrine applies to the facts currently alleged. I therefore dismiss the civil conspiracy claim, with leave to amend because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.") (quotation omitted).

However, I dismiss Deng's concert of action claim with prejudice. Making and reviewing a promotion decision at a university is not an inherently dangerous activity, so the cause of action does not apply to these circumstances.

**C. Intentional Infliction of Emotional Distress**

Hathaway and Jessup argue this claim is supported by only conclusory allegations. They also contend Deng has not alleged he suffered severe emotional distress. Deng responds that he has alleged Hathaway and Jessup discriminated against him on account of his race and knowingly violated UNLV anti-discrimination policies to accomplish this purpose. Deng also

5

argues he has alleged emotional distress, but he contends he could be more specific if given leave to amend.

To allege intentional infliction of emotional distress, Deng must allege: (1) the defendants' conduct was extreme and outrageous: (2) the defendants either intentionally or recklessly caused the emotional distress; (3) he actually suffered severe or extreme emotional distress; and (4) the defendants' conduct actually or proximately caused his suffering. *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983). Discriminatory employment decisions, by themselves, does not constitute extreme and outrageous conduct. *See, e.g.*, *Mejia v. Motel 6*, No. CV-98-07134, 2001 WL 681782, at *14-15 (Nev. Dist. Ct. Jan. 24, 2001), *aff'd in part, rev'd in part sub nom. Pope v. Motel 6*, 114 P.3d 277, 285 n.46 (Nev. 2005); *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993). Only where an employer's treatment of an employee "go[es] beyond all possible bounds of decency, is atrocious[,] and utterly intolerable" will the defendant be liable. *Alam*, 819 F. Supp at 911.

Deng alleges a discriminatory employment decision, but he does not allege additional facts that would rise to the level of extreme and outrageous behavior. Nor has he alleged he suffered severe emotional distress. I therefore grant the defendants' motion to dismiss this claim, with leave to amend if facts exist to do so.

**C. Aiding and Abetting**

Deng alleges Jessup aided and abetted Hathaway's breach of duty to Deng. ECF No. 1-1 at 9. Jessup argues this claim fails because the amended complaint does not identify a duty Hathaway owed to Deng and does not allege what substantial assistance Jessup gave Hathaway. Jessup also argues the allegations are temporally inconsistent with this claim because there are no allegations that he took actions before or around the same time that Hathaway acted. Deng

responds that Jessup aided and abetted Hathaway by not following the recommendations of the Faculty Senate Grievance Hearing Committee and denying the promotion without explaining his reasons even though UNLV policy required him to explain if he did not follow the Committee's recommendation.

To establish aiding and abetting in the civil context, a plaintiff must allege: (1) the primary violator breached a duty that injured the plaintiff; (2) the alleged aider and abettor "was aware of its role in promoting [the breach] at the time it provided assistance," and (3) the alleged aider and abetter "knowingly and substantially assisted" the primary violator in committing the breach. *Dow Chem. Co.*, 970 P.2d at 112. "The second and third elements should be weighed together, that is, greater evidence supporting the second element requires less evidence of the third element, and vice versa." *Id.* "To amount to substantial assistance, [the alleged] encouragement must take the form of a direct communication, or conduct in close proximity, to the tortfeasor." *Id.* at 113.

Deng does not plausibly allege Jessup aided and abetted Hathaway. There are no factual allegations about what duty Hathaway breached or what Jessup allegedly did to substantially assist Hathaway. The timing of the only acts identified for these defendants in the amended complaint does not support an aiding and abetting theory because the amended complaint alleges Hathaway made his decision and then took no further actions, while Jessup acted later in the process without any alleged further involvement by Hathaway. Absent allegations that Jessup encouraged or assisted Hathaway to act as he did, this claim fails. I therefore grant the defendants' motion to dismiss it, with leave to amend if facts exist to do so.

////

////

### E. Punitive Damages

Hathaway and Jessup argue that under Nevada law, Deng cannot recover punitive damages against them. Nevada Revised Statutes § 41.035(1) provides:

> An award for damages in an action sounding in tort brought under NRS 41.031 or against a present or former officer or employee of the State or any political subdivision, immune contractor or State Legislator arising out of an act or omission within the scope of the person's public duties or employment may not exceed the sum of $100,000, exclusive of interest computed from the date of judgment, to or for the benefit of any claimant. An award may not include any amount as exemplary or punitive damages.

This statute precludes the award of punitive damages against both state entities and individual state employees on state law claims. *See, e.g.*, *Rush v. Nevada Indus. Comm'n*, 580 P.2d 952, 954 (Nev. 1978); *Bryan v. Las Vegas Metro. Police Dep't*, 349 F. App'x 132, 135 (9th Cir. 2009). UNLV is an arm of the State of Nevada. *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010).

Because the defendants are state employees, Deng cannot recover punitive damages against them on his state law claims as a matter of law. I therefore grant this portion of the defendants' motion.

However, punitive damages may be recovered against the defendants in their individual capacities on Deng's § 1983 equal protection claim. *See Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005). The defendants did not specifically move to dismiss the request for punitive damages related to Deng's § 1983 claim, a portion of which remains pending. As a result, the request for punitive damages for that claim likewise remains pending.

## II. CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 7 in 2:19-cv-00871-APG-VCF) is GRANTED in part**. Plaintiff Honghui Deng's claims asserting violations

of due process under 42 U.S.C. § 1983 and concert of action, along with his request for punitive damages on his state law claims, are dismissed with prejudice. His civil conspiracy, aiding and abetting, and intentional infliction of emotional distress claims are dismissed without prejudice. His equal protection claim under 42 U.S.C. § 1983 remains pending.

I FURTHER ORDER that plaintiff Honghui Deng may file an amended complaint curing the identified deficiencies by April 24, 2020, if facts exist to do so.

DATED this 25th day of March, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE